**\*\*\* FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-18-0000941
17-JUN-2025
08:02 AM
Dkt. 45 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

WILLIAM FORESMAN, a single man,
Respondent/Plaintiff-Counterclaim Defendant-Appellee,

vs.

JOHN FORESMAN, a single man,
Petitioner/Defendant-Counterclaim Plaintiff-Appellant.

SCWC-18-0000941

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000941; CASE NO. 1CC161000705)

JUNE 17, 2025

RECKTENWALD, C.J., McKENNA, EDDINS, GINOZA, AND DEVENS, JJ.

OPINION OF THE COURT BY GINOZA, J.

## I.    INTRODUCTION

This appeal arises out of a 2016 personal injury lawsuit in the Circuit Court of the First Circuit (**Circuit Court**)[1] filed by Respondent/Plaintiff William Foresman

---

[1]    The Honorable Keith K. Hiraoka presided.

(**Plaintiff**) against his uncle, Petitioner/Defendant John Foresman (**Defendant**).  Plaintiff seeks civil damages, alleging that Defendant sexually abused him in 1975 and 1976 when Plaintiff was approximately seven to eight years old.

Plaintiff's complaint alleged claims against Defendant for, *inter alia*, intentional infliction of emotional distress (**IIED**), and assault and battery.  Plaintiff's claims against Defendant are subject to Hawai'i Revised Statutes (**HRS**) § 657-1.8 (2016),[2] which established specific time limitations for commencing a civil action arising from the sexual abuse of a

---

[2]      When Plaintiff filed his complaint in 2016, the applicable version of HRS § 657-1.8 provided, in relevant part:

> **§ 657-1.8  Civil action arising from sexual offenses; application; certificate of merit.** (a) Notwithstanding any law to the contrary, except as provided under subsection (b), no action for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person shall be commenced against the person who committed the act of sexual abuse more than:
>
> > (1)   Eight years after the eighteenth birthday of the minor or the person who committed the act of sexual abuse attains the age of majority, whichever occurs later; or
> >
> > (2)   Three years after the date the minor discovers or reasonably should have discovered that psychological injury or illness occurring after the age of minor's eighteenth birthday was caused by the sexual abuse, whichever comes later.
>
> A civil cause of action for the sexual abuse of a minor shall be based upon sexual acts that constituted or would have constituted a criminal offense under part V or VI of chapter 707.

(Emphasis added.)

2

minor.  The last sentence in HRS § 657-1.8(a) states: "A civil cause of action for the sexual abuse of a minor shall be based upon sexual acts that constituted or would have constituted a criminal offense under part V or VI of [HRS] chapter 707." (Emphasis added.)  Defendant challenges the validity of HRS § 657-1.8(a), asserting that it violates the ex post facto clause of article I, section 10 of the United States Constitution.[3]  At trial, the Circuit Court instructed the jury on multiple criminal statutes in existence when the complaint was filed, over Defendant's objection that the instructions should have been based on criminal statutes existing when the alleged acts occurred.  The jury awarded Plaintiff $50,000 in general damages and $200,000 in punitive damages.

Defendant appealed to the Intermediate Court of Appeals (**ICA**), claiming that under the statutes in place when the alleged acts occurred, his conduct would not have been criminal offenses.  Thus, Defendant asserts he should not be liable for claims based on subsequent criminal law.  The ICA held that Defendant failed to show the ex post facto clause was violated under the jury instructions given by the Circuit Court.

---

[3]    Article I, section 10 of the United States Constitution states that "[n]o State shall . . . pass any . . . ex post facto Law[.]"

We hold that HRS § 657-1.8(a) establishes a statute of limitations for commencing a civil cause of action based on the sexual abuse of a minor. It does not create an independent cause of action. HRS § 657-1.8(a) covers claims where the underlying "sexual acts" constitute or constituted a "criminal offense" as defined in that section. To determine whether the underlying "sexual acts" constitute a "criminal offense" pursuant to HRS § 657-1.8(a), we conclude the applicable criminal statutes are those in effect when the alleged conduct occurred.

Thus, the Circuit Court erred by instructing the jury on criminal statutes that were in effect when the complaint was filed. We nonetheless conclude that the Circuit Court's erroneous jury instructions were harmless in this case, where the record shows that Defendant admitted to conduct that would have constituted a criminal offense under at least two criminal statutes in part V of HRS Chapter 707 that were in effect when the conduct occurred.

Our reasoning in this case differs from the ICA, but our disposition is the same. We affirm the ICA's Judgment on Appeal, which affirmed the Circuit Court's Final Judgment.

4

## II.  BACKGROUND

### A.    Factual Background[4]

In or around 1975 and 1976, Defendant, who is Plaintiff's uncle, resided in Plaintiff's family home in Hawaiʻi. During that time, Plaintiff was approximately seven to eight years old, and Defendant was approximately fifteen to sixteen years old.  Plaintiff alleges that while residing in the same home, Defendant masturbated in front of Plaintiff, forced Plaintiff to fondle Defendant's genitals on multiple occasions, and forced Plaintiff to perform oral sex on Defendant.

The record, as well as Defendant's own admissions, indicate that Defendant masturbated in front of Plaintiff, and that Plaintiff fondled Defendant's genitals on multiple occasions.  The record includes Defendant's response to a request for admissions, wherein Defendant admitted that he resided in Plaintiff's family home in 1975 and 1976, and that during that time, he masturbated in front of Plaintiff, and

---

[4]    The factual background is based on the limited record on appeal. For the appellate record, the Defendant requested only partial transcripts of the October 2, 2018 Circuit Court proceedings regarding settlement of jury instructions.  The duty was on Defendant, as the petitioner, to provide this court with an adequate record on appeal.  See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (citations and brackets omitted)).  Thus, the record before us does not reflect the arguments, objections, and testimony that were adduced during the jury trial proceedings.  The record on appeal, however, does reflect various pre-trial filings and the exhibits that were entered into evidence at trial.

Plaintiff touched his genitals.  The record also contains an October 4, 2013 email sent from Defendant's email address to Plaintiff's father.  In the email, Defendant apologized to Plaintiff's father, and stated that he "did not act appropriately" with Plaintiff while residing with them.  The email states in relevant part:

> I did jack off with him there and yeah . . . I asked him to help a little and he did.  I would guesstimate 3, 4, maybe 5 times.  It was a long time ago . . . It was not a routine event.  No matter I should have known better.  I only offer those figures to help you quantify what happened.

(Ellipses in original.)

B.      Procedural Background

1.     Circuit Court Proceedings

a.     Pre-Trial Proceedings

On April 15, 2016, Plaintiff filed a civil complaint against Defendant in Circuit Court asserting that he was entitled to damages stemming from childhood sexual abuse perpetrated against him by Defendant.  The complaint asserted causes of action against Defendant for rape and sexual assault, IIED, and assault and battery.  Plaintiff sought, *inter alia*, special damages, general damages, and punitive or exemplary damages.

The complaint asserted that "[t]he conduct of Defendant . . . described [in the complaint] constitutes or would have constituted a criminal offense under part V and/or VI

Chapter 707, [HRS]" and that Plaintiff "has satisfied all common law and statutory requirements for the filing of this action, including but not limited to all requirements set forth in [HRS] § 657-1.8."

In June 2016, Plaintiff sought and was granted leave to file a certificate of merit under seal, pursuant to HRS § 657-1.8(d).[5]

Plaintiff's pre-trial statement asserted that Defendant "committed the actions of child sexual abuse pursuant to [HRS] § 657-1.8, assault, battery, false imprisonment, [IIED], and negligent infliction of emotional distress" (**NIED**),

---

[5]     The applicable version of HRS § 657-1.8(d) (2016) provided:

(d) In any civil action filed pursuant to subsection (a) or (b) [of HRS § 657-1.8], a certificate of merit shall be filed by the attorney for the plaintiff, and shall be sealed and remain confidential.  The certificate of merit shall include a notarized statement by a:

(1)    Psychologist licensed pursuant to chapter 465;

(2)    Marriage and family therapist licensed pursuant to chapter 451J;

(3)    Mental health counselor licensed pursuant to chapter 453D; or

(4)    Clinical social worker licensed pursuant to chapter 467E;

who is knowledgeable in the relevant facts and issues involved in the action, who is not a party to the action.

The notarized statement included in the certificate of merit shall set forth in reasonable detail the facts and opinions relied upon to conclude that there is a reasonable basis to believe that the plaintiff was subject to one or more acts that would result in an injury or condition specified in [subsection] (a).

7

and that his actions were the cause and/or a substantial factor "in severe and permanent mental, and pecuniary damages to Plaintiff."

Defendant's responsive pre-trial statement stated that Defendant masturbated in Plaintiff's presence, but that Defendant "never directed or forced Plaintiff to touch his genitals."

In his trial brief, Plaintiff asserted that Defendant's alleged sexual acts constituted or would constitute the present criminal offenses of, *inter alia*: Indecent Exposure, in violation of HRS § 707-734[6]; Sexual Assault in the Third Degree, in violation of HRS § 707-732[7]; Sexual Assault in the First Degree, in violation of HRS § 707-730[8]; and Continuous Sexual Assault of a Minor Under the Age of Fourteen Years, in

---

[6]    HRS § 707-734 (2014) entitled "Indecent exposure" provides, in relevant part, that: "A person commits the offense of indecent exposure if, the person intentionally exposes the person's genitals to a person to whom the person is not married under circumstances in which the actor's conduct is likely to cause affront."

[7]    HRS § 707-732 (2014) entitled "Sexual assault in the third degree" provides, in relevant part, that: "A person commits the offense of sexual assault in the third degree if: . . . . (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]"

[8]    HRS § 707-730 (2014) entitled "Sexual assault in the first degree" provides, in relevant part, that: "A person commits the offense of sexual assault in the first degree if: . . . . (b) The person knowingly engages in sexual penetration with a person who is less than fourteen years old[.]"

violation of HRS § 707-733.6.[9]  Plaintiff asserted that his "causes of action for sexual abuse arising from the above-mentioned sexual acts [are] [IIED], and [NIED]" and that he has "suffered injuries that were proximately caused by the sexual assaults."

Defendant filed a trial brief generally denying he committed any torts against the Plaintiff.

**b.  Jury Trial Proceedings**

An eight-day jury trial began on September 24, 2018, and concluded on October 8, 2018.

To establish that his claims were based on acts that constituted criminal offenses, as covered by HRS § 657-1.8(a), Plaintiff proposed jury instructions based on the Hawaiʻi Penal Code that was in effect at the time the lawsuit was filed. Specifically, Plaintiff proposed instructions on Sexual Assault

---

[9]     HRS § 707-733.6 (2014) entitled "Continuous sexual assault of a minor under the age of fourteen years" provides, in relevant part, that:

(1) A person commits the offense of continuous sexual assault of a minor under the age of fourteen years if the person:

(a)    Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and

(b)    Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, while the minor is under the age of fourteen years.

in the First Degree,[10] Sexual Assault in the Third Degree,[11]

Indecent Exposure,[12] and Continuous Sexual Assault of a Minor

Under the Age of Fourteen Years.[13]

---

[10] Plaintiff's proposed instruction on Sexual Assault in the First Degree read as follows:

A person commits the offense of Sexual Assault in the First Degree if he/she knowingly engages in sexual penetration with a minor who is less than fourteen years old.

There are three material elements of the offense of Sexual Assault in the First Degree each of which the plaintiff must prove by a preponderance of the evidence.

These three elements are:

1. That, the Defendant engaged in sexual penetration with [Plaintiff]; and

2. That the Defendant did so knowingly; and

3. That [Plaintiff] was less than fourteen years old at the time.

"Sexual penetration" means:

Vaginal intercourse, anal intercourse, fellatio, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required[.]

[11] Plaintiff's proposed instruction on Sexual Assault in the Third Degree read as follows:

A person commits the offense of Sexual Assault in the Third Degree if he/she knowingly subjects to sexual contact another person who is less than fourteen years old or causes another person who is less than fourteen years old to have sexual contact with him/her.

There are three material elements of the offense of Sexual Assault in the Third Degree which the Plaintiff has the burden of proving by a preponderance of the evidence.

These three elements are:

1.    That the Defendant subjected [Plaintiff] to sexual contact or caused [Plaintiff] to have sexual contact with him; and

2.    That the Defendant did so knowingly; and

3.    That [Plaintiff] was less than fourteen years old at that time.

"Sexual contact" means any touching, other than acts of "sexual penetration", of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

12    Plaintiff's proposed instruction on Indecent Exposure read as follows:

A person commits the offense of indecent exposure if, the person intentionally exposes the person's genitals to a person to whom the person is not married under circumstances in which the actor's conduct is likely to cause affront.

There are three material elements of the offense of indecent exposure which the Plaintiff has the burden of proving.

These three elements are:

1. That the [D]efendant intentionally exposed his genitals to [Plaintiff];

2. That the Defendant was not married to the [Plaintiff]; and

3. That the exposure occurred under circumstances in which the Defendant's conduct was likely to cause affront.

13    Plaintiff's proposed instruction on Continuous Sexual Assault of a Minor Under the Age of Fourteen Years read as follows:

A person commits the offense of continuous sexual assault of a minor under the age of fourteen years if the person:

(a) Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and

(b) Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, while the minor is under the age of fourteen years.

There are three material elements of the offense of continuous sexual assault of a minor under the age of fourteen years which the Plaintiff has the burden of proving.

11

Defendant's proposed jury instructions did not appear to be based on any specific criminal statutes.

The Circuit Court held a hearing to settle jury instructions. There, Defendant objected to Plaintiff's proposed instructions on Sexual Assault in the First Degree, Sexual Assault in the Third Degree, Indecent Exposure, and Continuous Sexual Assault of a Minor Under the Age of Fourteen Years. Defendant argued that Plaintiff's proposed instructions should be rejected because "the crimes that are referred to <u>should be the ones that are defined as of the date of the alleged incident</u> and that if an individual is liable for a crime that was not in existence at the time of the alleged act that that would be violative of due process and violative of fundamental fairness under the Constitution." (Emphasis added.)

The Circuit Court ruled that it would give Plaintiff's proposed instructions on criminal offenses over Defendant's objection. The Circuit Court reasoned that its ruling was

---

These three elements are:

1. The Defendant resided in the same home with or had recurring access to [Plaintiff];

2. The Defendant engaged in three or more acts of sexual penetration or sexual contact with the [Plaintiff] over a period of time; and

3. During this period of time [Plaintiff] was under the age of fourteen years.

(Footnote omitted.)

> based upon the plain language of HRS section 657-1.8, subsection (a), which states, quote, "A civil cause of action for the sexual abuse of a minor shall be based upon sexual acts that constituted or would have constituted a criminal offense under part V or VI of chapter 707." So the phrase "constituted or would have constituted" indicates the legislature intended, by the plain meaning of those words, to have acts that occurred in the past that would otherwise have been barred by the statute of limitations be treated based upon the way the acts are treated under chapter 707 at the time the lawsuit is brought.

At the close of trial, the Circuit Court, *inter alia*, instructed the jury on Plaintiff's proposed instructions on Sexual Assault in the First Degree, Sexual Assault in the Third Degree, Indecent Exposure, and Continuous Sexual Assault of a Minor Under the Age of Fourteen Years, with non-substantive amendments.

The jury found Defendant liable, and awarded Plaintiff general damages in the amount of $50,000 and punitive damages in the amount of $200,000.

On November 28, 2018, the Circuit Court entered its Final Judgment in accordance with the jury's verdict.

## 2.   ICA Proceedings

Defendant appealed the Circuit Court's Final Judgment to the ICA.  He asserted that HRS § 657-1.8 is unconstitutional because it violates the ex post facto clause of article I, section 10 of the United States Constitution by imposing punishment in the form of civil liability for acts committed in 1975 and 1976, despite those acts allegedly not constituting

criminal offenses at the time they were committed.  A central contention in Defendant's ex post facto argument was that the Circuit Court erred by instructing the jury on the elements of subsequently enacted criminal statutes, rather than the relevant criminal statutes in effect at the time the alleged conduct occurred.[14]

In response, Plaintiff maintained that HRS § 657-1.8 is constitutional.  Plaintiff asserted further that any alleged error committed by the Circuit Court was harmless because the record on the whole demonstrates that the sexual acts to which Defendant admitted satisfy, at minimum, the requirements of at least one criminal statute that was in effect at the time the alleged conduct occurred.

On March 6, 2024, the ICA issued a Summary Disposition Order affirming the Circuit Court's Final Judgment.  Foresman v. Foresman, No. CAAP-18-0000941, 2024 WL 966889 (Haw. App. Mar. 6, 2024) (SDO).  The ICA determined — based on federal case law and this court's decision in State v. Guidry, 105 Hawaiʻi 222, 96 P.3d 242 (2004) — that HRS § 657-1.8 is a civil statute, has a non-punitive purpose, and that Defendant failed to show that the

---

[14]    Defendant also asserted, without supporting argument, that because HRS § 657-1.8(a) violates the ex post facto clause, it also violates due process under the fourteenth amendment to the United States Constitution, and article I, section 5 of the Hawaiʻi Constitution.  This contention was waived for lack of any argument in support.

14

statute's alleged punitive effect overcomes its nonpunitive purpose, such that it violates the ex post facto clause. Id. at *2-3.[15]

### 3. Certiorari Proceedings

On certiorari, Defendant reasserts that HRS § 657-1.8 violates the ex post facto clause of the United States Constitution, and maintains that the Circuit Court erred in its interpretation and application of HRS § 657-1.8(a) by instructing the jury on the elements of subsequently enacted criminal offenses.

In response, Plaintiff argues that the ICA properly determined that HRS § 657-1.8 does not violate the ex post facto clause of the United States Constitution.

### III.  STANDARDS OF REVIEW

### A.  Constitutional Law

"Questions of constitutional law are reviewed de novo, under the right/wrong standard." State v. Tran, 154 Hawaiʻi 211, 217, 549 P.3d 296, 302 (2024) (citation, internal quotation marks, and brackets omitted).

---

[15]    The ICA did not directly address Defendant's arguments regarding due process and improper jury instructions on criminal statutes. Foresman, 2024 WL 966889, at *1 n.3. As to Defendant's improper jury instruction argument, the ICA stated in a footnote that Defendant "provided no discernable argument" on that point, and "thus, we deem it waived, or at minimum, subsumed within the ex post facto argument." Id. (citing Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7); and Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 472 n.17, 164 P.3d 696, 730 n.17 (2007)).

**B.        Statutory Interpretation**

> Questions of statutory interpretation are questions of law to be reviewed *de novo* under the right/wrong standard.
>
> Our statutory construction is guided by the following well established principles:
>
>> our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.
>>
>> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>>
>> In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent.  One avenue is the use of legislative history as an interpretive tool.
>
> [The appellate] court may also consider the reason and spirit of the law, and the cause which induced the legislature to enact it to discover its true meaning.

Lingle v. Haw. Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005) (internal quotation marks, brackets, and ellipses omitted) (quoting Guth v. Freeland, 96 Hawai'i 147, 149-50, 28 P.3d 982, 984-85 (2001)).

**C.    Civil Jury Instructions**

"We review jury instructions to determine whether, considered as a whole, the instructions were prejudicially insufficient, erroneous, inconsistent, or misleading." Medeiros

16

v. Choy, 142 Hawaiʻi 233, 239, 418 P.3d 574, 580 (2018) (internal quotation marks omitted) (quoting Nelson v. Univ. of Haw., 97 Hawaiʻi 376, 386, 38 P.3d 95, 105 (2001)).  "Invalid or insufficient instructions are presumptively prejudicial and are grounds for vacating the verdict unless it affirmatively appears from the record as a whole that the error was harmless."  Id. (citation omitted).

## IV.  DISCUSSION

### A.    HRS § 657-1.8

HRS § 657-1.8 took effect on April 24, 2012.  See 2012 Haw. Sess. Laws Act 68, § 1 and § 3 at 156-58.  The crux of Defendant's argument stems from the Circuit Court's interpretation of section (a) of the statute.  The necessary starting point for our analysis is our de novo interpretation of the contested statutory provision – HRS § 657-1.8(a).

We note that HRS § 657-1.8 has since been amended.  We apply the 2016 version of the statute here.

**1.    HRS § 657-1.8(a) Establishes a Statute of Limitations for Commencing a Civil Action and Does Not Violate the Ex Post Facto Clause.**

Defendant argues that HRS § 657-1.8(a) is unconstitutional because it violates the ex post facto clause of the United States Constitution by imposing punishment in the form of civil liability for acts committed in 1975 and 1976,

17

despite those acts allegedly not constituting criminal offenses at the time they were committed.

Article I, section 10 of the United States Constitution states that "[n]o State shall . . . pass any . . . ex post facto Law[.]" Defendant relies on Calder v. Bull, 3 U.S. 386 (1798), wherein the U.S. Supreme Court explained that the types of laws that were considered ex post facto laws included: "[e]very law that makes an action, done before the passing of the law, and which was innocent when done, criminal[,] and punishes such action[;]" "[e]very law that aggravates a crime, or makes it greater than it was, when committed[;]" and "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Id. at 390. As further explained by the U.S. Supreme Court, the federal ex post facto clause prohibits legislatures from retroactively "altering the definition of criminal conduct or increasing the punishment for the crime[.]" Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citing Collins v. Youngblood, 497 U.S. 37, 50 (1990)).

In Smith v. Doe, 538 U.S. 84, 92 (2003), the U.S. Supreme Court addressed whether a sex offender registration and notification law that applied retroactively violated the ex post facto clause. The Court held that the law did not violate the

ex post facto clause.  Id. at 105-06.  The Court explained the framework for considering the issue as follows:

> We must "ascertain whether the legislature meant the statute to establish 'civil' proceedings." *Kansas v. Hendricks*, [521 U.S. 346, 361] (1997).  If the intention of the legislature was to impose punishment, that ends the inquiry.  If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is "'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.'" *Ibid*. (quoting *United States v. Ward*, [448 U.S. 242, 248-49] (1980)).  Because we "ordinarily defer to the legislature's stated intent," *Hendricks*, [521 U.S. at 361], "'only the clearest proof' will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty," *Hudson v. United States*, [522 U.S. 93, 100] (1997) (quoting *Ward*, [448 U.S. at 249]); see also *Hendricks*, [521 U.S. at 361]; *United States v. Ursery*, [518 U.S. 267, 290] (1996); *United States v. One Assortment of 89 Firearms*, [465 U.S. 354, 365] (1984).

Id. at 92.

Here, Defendant's arguments on appeal treat HRS § 657-1.8(a) as creating a new civil cause of action based on conduct that occurred over forty years before the complaint was filed and deemed criminal based on statutes in place when the complaint was filed.  To the contrary, and discussed below, we interpret HRS § 657-1.8(a) as establishing a specific statute of limitations for civil causes of actions that are based on the sexual abuse of a minor.  We further construe this statute of limitations as covering causes of action where the underlying sexual abuse of a minor must be based on criminal statutes existing at the time of the alleged conduct.

19

Under the framework for analyzing the issue set out in Smith, HRS § 657-1.8(a) does not violate the ex post facto clause.  First, HRS § 657-1.8(a) allows for the commencement of civil proceedings seeking civil remedies, and its reference to the Hawaiʻi Penal Code does not transform it into a criminal statute that seeks to punish.  See Sheehan v. Oblates of St. Francis de Sales, 15 A.3d 1247, 1258 (Del. 2011).  Rather, the Hawaiʻi Legislature intended the statute to extend the statute of limitations for those sexually abused as a minor to commence civil actions to recover damages, and also to protect other children from such abuse.  HRS § 657-1.8(a) is nonpunitive.  Second, based on our interpretation, HRS § 657-1.8(a) was not intended to apply present law to past acts that did not constitute a criminal offense when committed.  That is, claims covered by HRS § 657-1.8(a) should be based on applying the criminal law existing when the alleged sexual abuse occurred.  The purpose and effect of HRS § 657-1.8(a) is not so punitive as to overcome the legislature's intent to extend the time to seek civil remedies for the sexual abuse of a minor.[16]

---

[16]    This case is clearly distinguishable from Stogner v. California, 539 U.S. 607 (2003), where the U.S. Supreme Court held that the ex post facto clause was violated by a state statute establishing a new limitations period for criminal prosecutions of sex-related child abuse crimes where the limitations period had already expired under prior statutes.  As recognized in Stogner, the California statute in that case was, *inter alia*, within the second category of cases identified in Calder v. Bull as being ex post facto laws, and it has been long recognized that the ex post facto clause "forbids resurrection of a time-barred prosecution."  Id. at 612-16.

We first address HRS § 657-1.8(a) as being a statute of limitations.  Black's Law Dictionary defines a "statute of limitations" as:

> [a] law that bars claims after a specified period; specif[ically], a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered). . . . The purpose of such a statute is to require diligent prosecution of known claims, thereby providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh.

Black's Law Dictionary 1713 (12th ed. 2024).  In simpler terms, statutes of limitation "represent a public policy about the privilege to litigate."  Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 314 (1945).

Here, HRS § 657-1.8 (2016) is titled "Civil action arising from sexual offenses; application; certificate of merit" and is contained within HRS Title 36 entitled "Civil Remedies and Defenses and Special Proceedings" and HRS Chapter 657 entitled "Limitation of Actions[.]"  The applicable version of HRS § 657-1.8 (2016) provided, in relevant part:

> (a) Notwithstanding any law to the contrary, except as provided under subsection (b), no action for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person shall be commenced against the person who committed the act of sexual abuse more than:
>
> (1)  Eight years after the eighteenth birthday of the minor or the person who committed the act of sexual abuse attains the age of majority, whichever occurs later; or
>
> (2)  Three years after the date the minor discovers or reasonably should have discovered that psychological injury or illness occurring after

21

the age of minor's eighteenth birthday was caused by the sexual abuse, whichever comes later.

A civil cause of action for the sexual abuse of a minor shall be based upon sexual acts that constituted or would have constituted a criminal offense under part V or VI of chapter 707.

(b) For a period of four years after April 24, 2012, a victim of child sexual abuse that occurred in this State may file a claim in a circuit court of this State against the person who committed the act of sexual abuse if the victim is barred from filing a claim against the victim's abuser due to the expiration of the applicable civil statute of limitations that was in effect prior to April 24, 2012.

A claim may also be brought under this subsection against a legal entity if:

(1) The person who committed the act of sexual abuse against the victim was employed by an institution, agency, firm, business, corporation, or other public or private legal entity that owed a duty of care to the victim; or

(2) The person who committed the act of sexual abuse and the victim were engaged in an activity over which the legal entity had a degree of responsibility or control.

Damages against the legal entity shall be awarded under this subsection only if there is a finding of gross negligence on the part of the legal entity.

. . . .

(d) In any civil action filed pursuant to subsection (a) or (b), a certificate of merit shall be filed by the attorney for the plaintiff, and shall be sealed and remain confidential. The certificate of merit shall include a notarized statement by a:

(1) Psychologist licensed pursuant to chapter 465;

(2) Marriage and family therapist licensed pursuant to chapter 451J;

(3) Mental health counselor licensed pursuant to chapter 453D; or

(4) Clinical social worker licensed pursuant to chapter 467E;

who is knowledgeable in the relevant facts and issues involved in the action, who is not a party to the action.

> The notarized statement included in the certificate of merit shall set forth in reasonable detail the facts and opinions relied upon to conclude that there is a reasonable basis to believe that the plaintiff was subject to one or more acts that would result in an injury or condition specified in [subsection] (a).

HRS § 657-1.8 (emphasis added).

The plain language of HRS § 657-1.8(a) supports our interpretation that it establishes a statute of limitation. Section (a) provides specific time limitations as to when a civil action stemming from sexual abuse of a minor may be commenced.

HRS § 657-1.8 also includes the type of underlying conduct to which the statute applies, and specific requirements related to the filing of a civil action pursuant to the statute. For example, the last clause of HRS § 657-1.8(a) – the challenged provision in this case – mandates that civil causes of actions brought under the statute "shall be based upon sexual acts that constituted or would have constituted a criminal offense under part V or VI of [HRS] chapter 707." Moreover, HRS § 657-1.8(d) requires that a plaintiff's counsel file with the court a certificate of merit which must include a notarized statement by an enumerated licensed mental health professional providing "the facts and opinions relied upon to conclude that there is a reasonable basis to believe that the plaintiff was subject to one or more acts that would result in an injury or condition specified in [subsection] (a)."

The history and context of the statute further support our interpretation of HRS § 657-1.8(a) as establishing a statute of limitations.  HRS § 657-1.8 was enacted in 2012 via Act 68. 2012 Haw. Sess. Laws Act 68, § 1 at 156-58.  The legislature stated that the purpose and intent of HRS § 657-1.8 was "to provide victims of sexual abuse a fair chance to bring a civil action against an individual or entity" by, *inter alia*, "extend[ing] the statute of limitations . . . to allow individuals subjected to sexual offenses as a minor to bring a civil action against the individual who committed the offense." S. Stand. Comm. Rep. No. 2473, in 2012 Senate Journal, at 1033; see also H. Stand. Comm. Rep. No. 1013-12, in 2012 House Journal, at 1326; H. Stand. Comm. Rep. No. 1313-12, in 2012 House Journal, at 1447; H. Stand. Comm. Rep. No. 1574-12, in 2012 House Journal, at 1523.

> In adopting the provision, the legislature found that:
>
> child sex abuse is an epidemic that unfortunately is not adequately addressed because a vast majority of child abuse victims fail to go to the authorities.  As a result, claims expire before these victims are capable of seeking court action.  Many victims suffer the effects of sexual abuse in silence due to the shame and secrecy of this act while their perpetrators remain hidden with a potential opportunity to sexually abuse additional victims.  This measure protects children from sexual abuse by allowing additional time for victims to seek action.

S. Stand. Comm. Rep. No. 2473, in 2012 Senate Journal, at 1033 (emphasis added).

A central purpose of HRS § 657-1.8 is to extend the statute of limitations for victims to file civil actions against a person or legal entity for past acts of sexual abuse when the victims were minors.

Our interpretation of HRS § 657-1.8(a) as establishing a statute of limitations is consistent with how courts in other jurisdictions have interpreted similar statutes. For example, California, Washington, Kansas, Vermont, and Delaware have each adopted similar statutes for bringing civil causes of action stemming from alleged childhood sexual abuse. See Cal. Civ. Proc. Code § 340.1 (West 2024); Wash. Rev. Code Ann. § 4.16.340 (West 2024); Kan. Stat. Ann. § 60-523 (West 2023); Vt. Stat. Ann. tit. 12, § 522 (West 2021); Del. Code Ann. tit. 10, § 8145 (West 2009). Akin to HRS § 657-1.8(a), the relevant laws in each of those states include provisions that specify the time limits for bringing a civil cause of action for childhood sexual abuse against an alleged abuser or responsible party, and include provisions specifying that claims brought under the statute must be based on acts that constituted criminal offenses under applicable provisions of their respective criminal code.

The highest courts in each of those states recognize those provisions as statutes of limitation. See Los Angeles Unified Sch. Dist. v. Superior Ct., 529 P.3d 1096, 1107 (Cal.

25

2023) (**LAUSD**) (interpreting Cal. Civ. Proc. Code § 340.1 – which "has been amended on multiple occasions to extend the filing periods for claims alleging childhood sexual assault and revive otherwise time-barred claims" - as a statute of limitations); Wolf v. State, 534 P.3d 822, 829, 833 (Wash. 2023) (en banc) (interpreting Wash. Rev. Code Ann. § 4.16.340 as "a special statute of limitations that applies to civil actions for injuries resulting from childhood sexual abuse[,]" and therefore an affirmative defense which the party raising the defense has the burden of proving); H.B. v. M.J., 508 P.3d 368, 372-73 (Kan. 2022) (acknowledging that Kan. Stat. Ann. § 60-523 is a statute of limitations governing civil actions for damages suffered as a result of childhood sexual abuse); A.B. v. S.U., 298 A.3d 573, 574-82 (Vt. 2023) (recognizing Vt. Stat. Ann. tit. 12, § 522 – which removed the limitations period to bring civil causes of action based on childhood sexual abuse – as a statute of limitation and holding that it does not violate due process under the Vermont Constitution); Sheehan, 15 A.3d at 1251, 1258-59 (holding that the Child Victim's Act - which "abolished the civil statute of limitations for claims of childhood sexual abuse and created a two year window to allow victims of childhood sexual abuse to bring civil suits that the statute of limitations previously barred" – "is and continues to be a civil

statute of limitations affecting matters of procedure and remedy" and does not violate state nor federal due process).

Moreover, under those analogous provisions, multiple causes of action may be brought for damages stemming from alleged child sexual abuse. See LAUSD, 529 P.3d at 1099 (asserting civil claims for sexual abuse, intentional infliction of emotional distress, and sexual harassment for damages under Cal. Civ. Proc. Code § 340.1); Wolf, 534 P.3d at 826 (asserting civil claims for negligence and wrongful death for damages under Wash. Rev. Code Ann. § 4.16.340); H.B., 508 P.3d at 70-71 (asserting negligence claims against multiple defendants for damages under Kan. Stat. Ann. § 60-523); A.B., 298 A.3d at 575 (asserting civil claims for child sexual abuse, nuisance, and grossly negligent supervision and retention for damages under Vt. Stat. Ann. tit. 12, § 522); Sheehan, 15 A.3d at 1252 (addressing claims for negligence against several institutional defendants for damages under Delaware's Child Victim's Act).

This court has long construed statutes of limitation as waivable affirmative defenses, wherein the party raising the defense has the burden of proof. See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 8(c) (eff. 2000) (listing statute of limitations as an affirmative defense); Webb v. OSF Int'l, Inc., No. SCWC-19-0000618, 2025 WL 455236, at *8 (Haw. Feb. 11, 2025) (emphasizing that "Hawaiʻi law generally treats statutes of

limitations as affirmative defenses" that the asserting party must establish and which can be waived (citations omitted)); Kellberg v. Yuen, 135 Hawaiʻi 236, 254, 349 P.3d 343, 361 (2015) ("[T]he statute of limitations is a personal defense that a defendant may waive[.]"); U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 41, 313 P.3d 717, 730 (2013) ("Generally, the defendant has the burden of proof on all affirmative defenses, which includes proving facts which are essential to the asserted defense." (citation and internal quotation marks omitted)); see also GECC Fin. Corp. v. Jaffarian, 79 Hawaiʻi 516, 526, 904 P.2d 530, 540 (App. 1995) (Acoba, J., concurring) (explaining that affirmative defenses not supported by evidence may be abandoned), aff'd, 80 Hawaiʻi 118, 905 P.2d 624 (1995).  HRS § 657-1.8 is no different.

Based on the foregoing, we hold that HRS § 657-1.8(a) establishes a statute of limitations for commencing a civil cause of action based on the sexual abuse of a minor.

   **2.   The Criminal Statutes Applicable Under HRS § 657-1.8(a) Are Those in Effect When the Alleged Sexual Abuse of the Minor Occurred.**

We next address the challenged provision in HRS § 657-1.8(a), which states: "A civil cause of action for the sexual abuse of a minor shall be based upon sexual acts that constituted or would have constituted a criminal offense under part V or VI of chapter 707."  (Emphasis added.)

28

Below, the Circuit Court interpreted the phrase "constituted or would have constituted" in HRS § 657-1.8(a) to "indicate[] [that] the legislature intended, by the plain meaning of those words, to have acts that occurred in the past that would otherwise have been barred by the statute of limitations be treated based upon the way the acts are treated under chapter 707 <u>at the time the lawsuit is brought</u>." Accordingly, the Circuit Court instructed the jury on several criminal statutes as they existed at the time the complaint was filed, over Defendant's objection. Defendant argues that the Circuit Court erred and should have instead instructed the jury on criminal statutes existing when the alleged sexual abuse occurred. We agree with Defendant on this point.

In assessing the subject provision, we follow this court's established rules of statutory interpretation and first look to the plain language of the statute. <u>See</u> <u>State v. Demello</u>, 136 Hawaiʻi 193, 195, 361 P.3d 420, 422 (2015). Here, the plain language of the statute does not expressly provide whether the alleged sexual acts should be determined to be a criminal offense based on criminal statutes in effect when a lawsuit is initiated or when the alleged conduct occurred. Rather, the statute provides that civil actions brought under HRS § 657-1.8 "shall be based upon sexual acts <u>that constituted or would have constituted</u> a criminal offense under part V or VI

29

of [HRS] chapter 707." (Emphasis added.) The provision is ambiguous, and subject to various interpretations. The use of the terms "constituted or would have constituted" are both past tense, inferring past acts. The use of the phrase "would have constituted" could also be interpreted to mean that the past sexual acts constituted a crime when committed, but due to amendments or changes in HRS chapter 707, may no longer constitute a crime under the current Hawaiʻi Penal Code. Alternatively, that phrase could be interpreted to mean that the sexual acts would have constituted a crime when committed, but were not actionable for some other reason, including the possibility that a criminal statute of limitations applied. HRS § 657-1.8(a), by its plain language, is silent as to whether the "criminal offense" must be based on past or present criminal statutes. An ambiguity exists. State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009) ("[W]hen there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists." (citation omitted)). Thus, we again look to the context of the statute and its legislative history, this time for guidance as to the ambiguous provision. See id.

As noted above, at the time of its adoption, the legislature stated that the purpose and intent of HRS § 657-1.8 was "to provide victims of sexual abuse a fair chance to bring a

civil action against an individual or entity" by "extend[ing] the statute of limitations . . . to allow individuals <u>subjected to sexual offenses as a minor</u> to bring a civil action against the individual who committed the offense."  S. Stand. Comm. Rep. No. 2473, in 2012 Senate Journal, at 1033 (emphasis added).  We read this as a legislative intent to allow civil actions for sexual offenses committed when the victim was a minor, in other words, <u>offenses at that time</u>.

In 2014, HRS § 657-1.8 was amended via Act 112, in part, to further extend the statute of limitations period for victims of child sexual abuse to file claims.  2014 Haw. Sess. Laws Act 112, § 1 at 319-20; <u>see</u> Conf. Comm. Rep. No. 44-14, in 2014 Senate Journal, at 706.  The legislative history indicates that there were no proposed amendments or actions related to the contested portion of HRS § 657-1.8(a).

We thus hold that the criminal statutes in effect <u>when the alleged conduct occurred</u> are the statutes that should determine if the alleged sexual abuse of a minor constituted criminal offenses.  Here, over Defendant's objection, the Circuit Court instructed the jury on criminal statutes in place when the complaint was filed.  We conclude those instructions were in error.  Rather, applying the criminal statutes that were in effect at the time the alleged acts occurred is consistent with both the plain language and legislative intent of the

31

statute.  It is also consistent with this court's treatment of criminal actions.  We have noted that "a crime or offense is governed by the law existing at the time it was committed." Schwartz v. State, 136 Hawaiʻi 258, 275 n.30, 361 P.3d 1161, 1178 n.30 (2015).

Moreover, our interpretation is consistent with another jurisdiction that addressed a similar challenge to a statute of limitations provision applicable to claims stemming from childhood sexual abuse.  In Sheehan v. Oblates of St. Francis de Sales, 15 A.3d 1247 (Del. 2011), the Delaware Supreme Court, *inter alia*, interpreted the Child Victim's Act (**CVA**), which was a Delaware law that "abolished the civil statute of limitations for claims of childhood sexual abuse and created a two year window to allow victims of childhood sexual abuse to bring civil suits that the statute of limitations previously barred."  Id. at 1251.  In that case, the challenged portion of the CVA stated: "[a] civil cause of action for sexual abuse shall be based upon sexual acts that would constitute a criminal offense under the Delaware Code."  Id. at 1257.  The trial court ruled that, for civil claims under the challenged portion of the CVA, the Delaware criminal code to be applied was the criminal code in existence when the alleged abuse occurred.  Id. Following trial, the jury found in favor of the institutional defendants.  Id. at 1251.  The plaintiff subsequently appealed,

asserting, *inter alia*, that the trial court erred in its interpretation and application of the challenged portion of the CVA. See id. at 1253.

On appeal, the Supreme Court of Delaware held that the trial court properly determined that the applicable criminal code was the one in effect when the alleged abuse occurred. Id. at 1257-58. The court reasoned:

> A sexual crime is a predicate element to a civil claim against an institutional defendant for grossly negligently failing to protect a plaintiff from sexual criminal acts of its employee or agent. Moreover, fundamental due process dictates that the scope of liability imposed by a retroactive law cannot substantially change the scope of liability existing at the time of the alleged abuse.
>
> If the current Delaware criminal code were found applicable, the sexual acts alleged in this case could fall within the definition of a criminal offense that did not exist at the time of the alleged abuse. . . .
>
> We agree that the CVA's reference to the Criminal Code does not transform this civil statute into a criminal one to which *ex post facto* analysis applies. The Act is and continues to be a civil statute of limitations affecting matters of procedure and remedy. However, an essential predicate to civil claims prosecuted under the CVA is a sexual act that would constitute a criminal offense. If an act was not a crime in 1962, we cannot hold the defendants to reasonably have been on notice of a duty to prevent the now criminalized act from occurring.

Id. at 1257-58 (emphasis added) (footnotes omitted).

Here, similar to the contested provision in Sheehan, HRS § 657-1.8(a) establishes a statute of limitations specific to civil causes of action based on the sexual abuse of a minor, which must be based on "sexual acts that constituted or would have constituted a criminal offense under part V or VI of [HRS] chapter 707." Applying criminal law that was not in effect at

33

the time the alleged conduct occurred could improperly impose civil liability for conduct that was not a criminal offense when the acts were committed.  This would conflict with our view of the Hawai'i Legislature's intent in adopting HRS § 657-1.8(a).  Our interpretation of HRS § 657-1.8(a) is consistent with the Delaware Supreme Court's interpretation of its similar law.  Like the Delaware Supreme Court, we also conclude that under our interpretation of HRS § 657-1.8, there clearly is no ex post facto violation.

        We thus hold that the criminal statutes in effect when the alleged conduct occurred are the proper statutes to apply to determine if the alleged sexual abuse of a minor constituted a criminal offense under HRS § 657-1.8(a).

**B.      Based on the Record as a Whole, the Circuit Court's Erroneous Jury Instructions Were Harmless.**

        Defendant's argument on appeal has been that the Circuit Court erroneously instructed the jury on criminal statutes existing when the complaint was filed, rather than the criminal statutes existing when the alleged acts of sexual abuse occurred, and that HRS § 657-1.8(a) violates the ex post facto clause of the U.S. Constitution.  Having concluded that the Circuit Court should have instructed the jury on criminal statutes existing at the time of the alleged sexual abuse in

1975 to 1976, and that HRS § 657-1.8(a) does not violate the ex post facto clause, we now address the disposition for this case.

Of note, Defendant does not challenge any other aspect of the jury instructions, nor any other aspect of the Circuit Court proceedings. Thus, our review is limited to the contested jury instructions. Plaintiff argues that, even if the Circuit Court erred by failing to instruct on the criminal statutes existing in 1975-76, such error would be harmless because there was overwhelming undisputed evidence presented at trial of Defendant's conduct being criminal when it occurred. Given the record in this case, we agree with Plaintiff that the erroneous jury instructions on the criminal statutes constituted harmless error. Medeiros, 142 Hawaiʻi at 239, 418 P.3d at 580 (citation omitted) ("Invalid or insufficient instructions are presumptively prejudicial and are grounds for vacating the verdict unless it affirmatively appears from the record as a whole that the error was harmless.") (emphasis added)).

At trial, Plaintiff entered three exhibits into evidence, two of which are determinative. First, Plaintiff entered Exhibit P2, Defendant's October 4, 2013 email to Plaintiff's father, wherein Defendant admitted that he "did not act appropriately" with Plaintiff while residing in the father's Hawaiʻi home. In the email, Defendant admitted to masturbating in Plaintiff's presence and asking Plaintiff "to help a little

and he did." Defendant admitted that the conduct occurred "3, 4, maybe 5 times" in "1975-1976ish[.]" Second, Plaintiff entered Exhibit P3, Defendant's answers to Plaintiff's request for admissions, which were signed by Defendant. Therein, Defendant admitted that he masturbated in front of Plaintiff and that Plaintiff touched Defendant's genitals. Defendant also admitted that he used the email address from which Exhibit P2 was sent.

Defendant's admitted conduct would have constituted a criminal offense under at least two criminal statutes in part V of HRS Chapter 707,[17] which were in effect in 1975 and 1976. See HRS § 657-1.8(a).

In 1972, HRS Chapter 707 included five parts. Part V of HRS Chapter 707 was entitled "Sexual Offenses" and included, *inter alia*, HRS § 707-736 entitled "Sexual abuse in the first degree," and HRS § 707-738 entitled "Indecent exposure." 1972 Haw. Sess. Laws Act 9, § 1 at 91.

HRS § 707-736 (1972) entitled "Sexual abuse in the first degree" provided:

---

[17] In 1972, the legislature recodified the Hawai'i Penal Code as Title 37 via Act 9, which included a section entitled "Chapter 707 Offenses Against the Person[.]" 1972 Haw. Sess. Laws Act 9, § 1 at 85-92; Hawai'i Revised Statutes Title 37 Hawai'i Penal Code Special Pamphlet (1975) at 161-87 (**Special Pamphlet 1975**). HRS Chapter 707 became effective on January 1, 1973. 1972 Haw. Sess. Laws Act 9, § 1 at 142. The first full-print version of HRS Chapter 707 (as amended through 1975) appeared in the Special Pamphlet 1975. Special Pamphlet 1975 at 161-87.

> (1)  A person commits the offense of sexual abuse in the first degree if:
>
> (a)  He intentionally, by forcible compulsion, has sexual contact with another or causes another to have sexual contact with him; or
>
> (b)  <u>He intentionally has sexual contact with another person who is less than 14 years old or causes such a person to have sexual contact with him.</u>
>
> (2)  Sexual abuse in the first degree is a class C felony.

1972 Haw. Sess. Laws Act 9, § 1 at 91 (emphasis added).

The language of HRS § 707-736 (1972) (Sexual abuse in the first degree) is similar to the language of HRS § 707-732 (2014) (Sexual assault in the third degree), on which the jury was instructed.  <u>See</u> HRS § 707-732 (2014) ("A person commits the offense of sexual assault in the third degree if: . . . . (b) The person <u>knowingly</u> subjects to sexual contact another person who is <u>less than fourteen years old</u> or <u>causes such a person to have sexual contact with the person</u>[.]" (emphases added)).  The mens rea for HRS § 707-736 (1972) is "intentional," whereas the mens rea for HRS § 707-732 (2014) is "knowingly."  However, given Defendant's email and his admissions, the mens rea distinction is not material in this case and the lack of a specific instruction on HRS § 707-736 (1972) was harmless.

HRS § 707-738 (1972), entitled "Indecent exposure" provided that:

> (1)  A person commits the offense of indecent exposure if, with intent to arouse or gratify sexual desire of himself or of any person, he exposes his genitals to a person to whom he is not married under circumstances in which his conduct is likely to cause affront or alarm.

37

(2)    Indecent exposure is a petty misdemeanor.
1972 Haw. Sess. Laws Act 9, § 1 at 91.

The language of HRS § 707-738 (1972) (Indecent exposure) is similar to the language of HRS § 707-734 (2014) (Indecent exposure), on which the jury was instructed. See HRS § 707-734 (2014) ("A person commits the offense of indecent exposure if, the person intentionally exposes the person's genitals to a person to whom the person is not married under circumstances in which the actor's conduct is likely to cause affront."). HRS § 707-738 (1972) requires "intent to arouse or gratify sexual desire of himself or of any person," whereas the mens rea for HRS § 707-734 (2014) requires that the person "intentionally exposes the person's genitals[.]" Defendant argues that the lack of instruction on "intent to arouse or gratify sexual desire" was reversible error by the Circuit Court. Again, however, given Defendant's email and his admissions, the lack of an instruction on "intent to arouse or gratify sexual desire" is harmless in this case. Here, the record is clear that Defendant admitted to exposing himself to Plaintiff, masturbating in Plaintiff's presence, and his email stated that he asked Plaintiff to help him. See State v. Smith, 394 A.2d 259, 260, 262-63 (Me. 1978) (holding that although the trial court failed to properly instruct the jury that the sexual

38

contact was for the purpose of arousing or gratifying sexual desire, the court's error was harmless because "a correct instruction . . . could not possibly have brought about a not guilty verdict" given "[t]he description given by the child victim as to the details of the incidents alleged to have been unlawful sexual contact").

Both HRS § 707-736 (1972) and HRS § 707-738 (1972) remained unamended and in effect through 1975 and 1976, during the period of time that Defendant's admitted conduct occurred.

Defendant's email to Plaintiff's father (Exhibit P2), and Defendant's admissions (Exhibit P3), both in evidence during the trial, provide clear evidence that his conduct constituted Sexual Abuse in the First Degree under HRS § 707-736 (1972) or Indecent Exposure under HRS § 707-738 (1972), the criminal statutes that existed at the time of the alleged conduct in 1975 to 1976.  Defendant's appeal does not dispute any evidence. Indeed, Defendant's application for certiorari to this court states that he "admitted he masturbated in [Plaintiff's] presence, and that [Plaintiff] touched [Defendant's] genitals."

In light of the clear evidence supporting the jury's verdict, we hold that, under the facts and circumstances of this case, Defendant did not suffer prejudice as a result of the Circuit Court's erroneous jury instructions.  The record on the whole demonstrates that it was not reasonably likely that a more

favorable outcome for Defendant would have resulted absent the error, and thus, Defendant suffered no prejudice.  HRCP Rule 61 (eff. 1980); see Kawamata Farms, Inc. v. United Agric. Prods., 86 Hawai'i 214, 243-44, 948 P.2d 1055, 1084-85 (1997) (affirming the jury's verdict and holding that the defendants in a civil action did not suffer prejudice as a result of the circuit court's erroneous remedial jury instruction, where, based on the record as a whole, it was "not reasonably likely that an outcome more favorable to the defendant would have resulted absent the error").

## V.    CONCLUSION

Although our reasoning in this case differs from the ICA, we affirm the ICA's Judgment on Appeal, which affirmed the Circuit Court's Final Judgment, entered on November 28, 2018.

Scot Stuart Brower
for petitioner

Frederick T. Arensmeyer
for respondent

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

